IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MO-KAN IRON WORKERS )
PENSION FUND, ET AL., )
                              )
    Plaintiffs,        )
                              )
v.                            )     Case No. 01-423-CV-W-DW
                              )
BENNY SISK d/b/a SISK    )
FENCING,                 )
                              )
    Defendant.       )

ORDER

Pending before the Court is Plaintiff's Motion for Summary Judgment (Doc. 61). Defendant has failed to respond to Plaintiff's Motion. For the following reasons, Plaintiffs' Motion is GRANTED.

I.    Factual Background

Plaintiffs are trust funds established pursuant to the Labor Management Relations Act (Funds) and the duly appointed and acting Trustees of the respective funds.[1] 29 U.S.C. 186. The Funds are employee benefit plans within the meaning of Section II of ERISA, 29 U.S.C. 102.

Plaintiffs' claims arise out of the collective bargaining agreements between the Association and the Union between October 12, 1998 and March 31, 2002. Plaintiffs' Complaint seeks, among other things, unpaid employee fringe benefit funds due for employees of Defendant

---

[1] Mo-Kan Iron Workers Pension Fund, and R. Paul Jones and James L Hutton, Jr. as Trustees of the Fund, Mo-Kan Iron Workers Annuity Plan and R. Paul Jones and James L Hutton, Jr. as Trustees of the Fund, Mo-Kan Iron Workers Welfare Fund and R. Paul Jones and James L Hutton, Jr. as Trustees of the Fund, and Mo-Kan Iron Workers Apprenticeship, Training and Education Fund and R. Paul Jones and James L Hutton, Jr. as Trustees of the Fund.

1

Benny Sisk d/b/a "Sisk Fencing" covered by the collective bargaining agreements between the Builders Association of Missouri ("Association") and International Association of Bridge, Structural and Ornamental Iron Workers, Local Union No. AFL-CIO ("Union") and by the amended Agreements and Declarations of Trust of the particular funds.

On October 12, 1998, Defendant stipulated and agreed to be bound by the terms and conditions of the collective bargaining agreements then in effect that would subsequently be in effect between the Association and the Union.  Under the collective bargaining agreements, Defendant agreed to pay and contribute to Plaintiff Funds various sums per hour for each iron worker employee covered by and subject to said agreements from October 12, 1998 to March 31, 2002.

Defendant subsequently employed iron worker employees under the terms of the collective bargaining agreements, but failed to make employee fringe benefit contributions on behalf of his employees for covered work from October 12, 1998 to July 31, 2001.

Plaintiffs brought this cause of action on April 18, 2001.  Defendant filed an answer and engaged in discovery with Plaintiffs.  Intervenor American Fence Company was dismissed from the case on March 10, 2003.  On May 22, 2003, Plaintiffs' counsel submitted to Defendant's counsel a consent judgment in the amount of $138, 581.80.  Defendant never executed the Consent Judgment.  Plaintiffs subsequently requested, and were granted, an opportunity to file a Motion for Summary Judgment out of time.  Plaintiffs' Motion for Summary Judgment was filed on November 9, 2005.  Defendant failed to respond and was ordered to respond to Plaintiffs' Motion on January 19, 2006.  Defendant has not responded to the Court's orders.

II.     Legal Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, it is the court is obliged to view the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Inland Oil and Transport Co. v. United States, 600 F.2d 725, 727 - 28 (8th Cir.), cert. denied, 444 U.S. 991 (1979).

When the adverse party does not response to a motion for summary judgment, summary judgement, *if appropriate*, shall be entered against the adverse party. Fed. R. Civ. P. 56(e). Thus, even if a motion for summary judgment stands unopposed, a court must still determine that the moving party is entitled to judgment as a matter of law. Interstate Power Co v. Kansas City Power & Light, 992 F.2d 804, 807 (1993). The question becomes then, whether the facts specified in the motion for summary judgment entitle the moving party to judgment as a matter of law. Anchorage Assocs v. Virgin Islands Bd. of Tax Review, 922 F.2d 168 (3d Cir. 1990).

III.   Discussion

Plaintiffs' causes of action are based upon ERISA for enforcement of a collective bargaining agreement requiring contributions to Plaintiff Funds. 29 U.S.C. § 1145. The facts, as specified in the motion for summary judgment, entitle Plaintiffs to judgment as a matter of law.

Section 515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms

3

and conditions of such plan or such agreement. 19 U.S.C. § 1145.

Section 502 provides, in relevant part, for Defendant's is liability to Plaintiffs for (1) delinquent contributions; (2) liquidated damages; (3) interest; (4) costs; and (5) attorneys' fees.

On October 12, 1998, Defendant stipulated and agreed to be bound by the terms and conditions of the collective bargaining agreements then in effect between the Association and the Union. Iron worker employees of Defendant were employed under the terms of these agreements, under which Defendant agreed to pay and contribute to Plaintiff Funds various sums per hour for each iron worker employee covered by and subject to said agreements from October 12, 1998 to July 31, 2001. Defendant failed to make employee fringe benefit contributions on behalf of his employees for work covered by the collective bargaining agreement from October 12, 1998 to July 31, 2001. Accordingly, pursuant to ERISA Sections 502 and 515, Defendant is liable to the Plaintiff Funds for such delinquent contributions. As a matter of law, ERISA § 515 authorizes Plaintiffs' collection of such delinquent contributions, damages, interest, costs, and attorneys' fees. See Greater Kansas City Laborers Pension Fund v. Thummel, 738 F.2d 926, 931 (8th Cir. 1984).

Pursuant to the collective bargaining agreements, an independent audit was performed to calculate the unpaid contributions for the employees covered by them. The independent auditor calculated the interest due and owing on the delinquent contributions as well as the liquidated damages owed to the Pension Fund, Annuity Fund, Welfare Fund and Apprenticeship, Training and Education Fund. See Ex. F.

Pursuant to the Audit, the total amount of delinquent contributions is $117,402.88.[2] Damages are calculated at $23,480.65[3] and interest at $29,146.09[4] for a grand total or $170,029.62.

Accordingly, the Court grants summary judgment in favor of Plaintiffs and regards Defendant's liability to Plaintiffs pursuant to ERISA sections 502 and 515 as follows:

1. In favor of Plaintiff Pension Fund and against Defendant for

   | | | |
   |---|---|---|
   | Delinquent contributions: | $ | 49,985.08 |
   | Liquidated damages: | $ | 9,997.09 |
   | Interest: | $ | 12,440.00 |
   | Total: | $ | 72,422.17 |

2. In favor of Plaintiff Annuity Fund and against Defendant for:

   | | | |
   |---|---|---|
   | Delinquent contributions: | $ | 36,461.28 |
   | Liquidated damages: | $ | 7,292.25 |
   | Interest: | $ | 9,012.75 |
   | Total: | $ | 52,766.28 |

3. In favor of Plaintiff Welfare Fund and against Defendant for:

   | | | |
   |---|---|---|
   | Delinquent contributions: | $ | 28,818.38 |

---

[2]The delinquent contributions to each Fund are as follows: Pension Fund $49,985.08; Annuity Fund, $36,461.28; Welfare Fund, $28,818.38; and Apprenticeship, Training and Education Fund, $2,138.14.

[3]Damages are as follows: Pension fund, $5,763.68; Annuity Fund, $7,292.25; Welfare Fund, 5,5763.68; and Apprenticeship, Training and Education Fund, $427.63.

[4]Interest is calculated as follows: Pension fund, $12,440.00; Annuity Fund, $9,012.75; Welfare Fund, $7,161.97; Apprenticeship, Training, and Education Fund, $531.37.

|   |   |   |
|---|---|---|
| Liquidated damages: | $ | 5,763.68 |
| Interest: | $ | 7,161.97 |
| Total: | $ | 41,744.03 |

4. In favor of Plaintiff Apprenticeship, Training, and Education Fund and against Defendant for:

|   |   |   |
|---|---|---|
| Delinquent contributions: | $ | 2,138.14 |
| Liquidated damages: | $ | 427.63 |
| Interest: | $ | 531.37 |
| Total: | $ | 3,097.14 |

The total attorneys' fees and costs incurred by the Plaintiff Funds in prosecuting this case is $35,664.11.[5] The total amount of judgment against Defendant is $205,693.72.

IT IS SO ORDERED

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

DATE: March 28, 2006

---

[5] Allocating those attorneys' fees and costs to these ERISA funds on a pro-rata basis according to the amount of delinquent contributions owed to those respective Plaintiff Funds amounts to an allocation of such attorneys' fees and costs as follows: Pension Fund, $16,405.49; Annuity Fund, $1,426.56; Welfare Fund, $16,405.49; and Training Fund, $1,426.56.

6